## MADSON v. SEXTON.

1. **Tax sale and deed**: EFFECT OF DEED. A tax deed is *prima facie* evidence of the assessment, and conclusive evidence of the advertisement of sale. Following *Allen* v. *Armstrong*, 16 Iowa, 508; *McCready* v. *Sexton & Son*, 29 id. 356.

2. —— DEFECTIVE LEVY. A tax sale and deed will not be declared invalid on the ground that the records do not show a levy for one of the years. If there was a proper levy for any of the years, the sale will be sustained.

3. —— WARRANT. A tax warrant is not essential to the validity of the sale.

*Appeal from Keokuk District Court.*

WEDNESDAY, DECEMBER 10.

ACTION in equity to set aside tax sale of the S. W. ¼ of section 22, township 71, range 14, in Wapello county, for the delinquent taxes of the years 1858, 1859, 1860, 1861, and 1862. The grounds alleged for the relief are that the land was not assessed for the taxes of any of the years named; that there was no levy of any taxes for said years; that there was no warrant, order, or direction to the treasurer to collect the taxes; that no notice of sale was given, and that no sale was ever made by the treasurer.

Judgment for plaintiff. Defendant appeals.

*J. R. Reed* for the appellant.

No appearance for the appellee.

DAY, J. — I. The fact of sale by the treasurer, on the 19th day of November, 1863, is clearly shown.

The deed was executed in April, 1867. It is in proper form and is *prima facie* evidence of the assessment, and conclusive evidence of the advertisement of sale. Rev., § 784; *Allen* v. *Armstrong*, 16 Iowa, 508; *McCready* v. *Sexton & Son*, 29 id. 356.

II. The evidence shows a due levy of taxes for the years 1858, 1859, 1861 and 1862. The records in the office of the proper officer do not show any order for the levy of taxes for the year 1860. The taxes being properly levied for four of the years for which the land was delinquent and sold, the fact that the records show no levy for one year for which the land was sold does not invalidate the sale. Rev., § 762; *Eldridge* v. *Kuehl*, 27 Iowa, 160; *Rhodes* v. *Sexton & Son*, 33 id. 540.

III. There is a proper warrant to the treasurer on the tax list of 1858; no warrant for the year 1859; no seal on the warrant for 1860, and the warrants for 1861 and 1862 have the seal of the district court attached. The warrant is not essential to the validity of the sale. *Rhodes* v. *Sexton & Son*, 33 Iowa, 540; *Parker* v. *Sexton & Son*, 29 id. 421; *Hurley* v. *Powell, Levy & Co.*, 31 id. 64.

Hence none of the objections made to the validity of the sale are good and the judgment of the district court must be

Reversed.