## SCOFIELD v. McDOWELL.

1. **Tax sale:** REDEMPTION: TIME OF. The right of redemption from tax sale must be exercised within three years from the date of sale.

2 PLEADING: DEMURRER. A demurrer never confesses an allegation which it appears upon the face of the pleadings that the pleader is estopped to make.

3. ———: ———: TAX SALE. By demurring to an answer which alleged that plaintiff's tax deed was invalid because the sale for taxes was made without advertisement, the plaintiff did not admit the allegation that the sale was so made.

*Appeal from Washington District Court.*

SATURDAY, OCTOBER 20.

THIS is an action to quiet the title and recover the possession of certain lands, which the plaintiffs claim under tax deeds executed November 6th, and recorded November 9th, 1872. The defendant by answer and cross-bill alleged that the fee simple title is in her, and that the title of plaintiffs is void, for the following reasons:

1. The defendant after the expiration of three years from the date of sale, but before the execution of the deed, tendered the full amount necessary to redeem from the sale to the county auditor, and to the holders of the certificates, which they refused to accept.

2. The lands were sold at tax sale in October, 1869, without being advertised for sale.

The plaintiffs demurred to the answer and cross-bill, upon the ground that they presented no defense to plaintiffs' action and did not entitle defendant to relief. The demurrer was sustained. The defendant refusing to further plead, a decree was entered for plaintiffs. At the April term, 1876, an opinion was filed reversing the decision of the court below. Upon plaintiffs' petition a rehearing was granted, and the cause is again submitted for determination.

*McJunkin, Henderson & Jones,* for appellant.

*H. & W. Scofield, pro se.*

Scofield v. McDowell.

DAY, CH. J.—I. That the right of redemption must be exercised within three years from the date of sale was determin-

1. TAX SALE: ed by this court in *Pearson v. Robinson*, 44
redemption:
time of.      Iowa, 413.

II. The plaintiffs claim title to the lands under two tax deeds executed November 6, 1872, and duly recorded. Section

2. PLEADINGS: 784 of the Revision provides that the deed, when
demurrer.    substantially executed as required and recorded in
the proper record, shall be conclusive evidence "that the property was advertised for sale in the manner, and for the length of time, required by law." This provision was held to be constitutional in *Allen v. Armstrong*, 16 Iowa, 508 (514); See also *Madson v. Sexton*, 37 Iowa, 562.

The answer and cross-petition admit the execution of the tax deeds under which plaintiffs claim the land. They admit also, by implication, that the deeds, in form, are in substantial compliance with the law. But they allege that the lands were sold without any advertisement, and that the deeds are, of consequence thereof, void. The plaintiffs, instead of taking issue upon this allegation of the answer and cross-petition, demurred thereto. It is claimed the effect of this demurrer is to admit the truth of the allegation; that, the truth of the allegation admitted, the answer sets up a good defense, and the cross-petition a good ground for affirmative relief; and that the demurer should have been overruled.

It is a familiar principle of pleading that a demurrer admits only facts which are well pleaded. The answer and cross-petition, as we have seen, admit the execution of the tax deeds in question. The law attaches to these deeds certain properties or qualities. One of these is that the deeds are conclusive evidence that the lands were duly advertised for sale. Whenever the fact that a tax deed has been duly executed is established by the production of the deed in evidence, or by the admissions in the pleadings, the law raises the conclusive presumption that the lands described in the deed were duly advertised for sale. Is it, then, competent for a pleader to admit the execution of such deed, and at the same time deny the legal inference which the law conclusively raises? It seems to

us clear that it is not competent so to plead. If, however, such a pleading is interposed, does a demurrer thereto admit the truth of the allegation improperly made? Suppose a party sued upon a promissory note should admit the due execution of the note, that it was given upon good consideration, that it is the property of plaintiff and unpaid, but should aver at the same time that he owes plaintiff nothing thereon. Would a demurrer to the answer admit the truth of this allegation? Manifestly not. In Gould's Pleadings, p. 470, section 25, it is said: "A demurrer, though general, never confesses an allegation which it appears upon the face of the pleadings that the pleader is estopped to make, as if, having pleaded or confessed a record, to which he is a party, he afterward makes an averment contradicting or impugning it."

Suppose the plaintiffs, instead of demurring, had gone to trial upon the pleadings. The defendant then would not have been permitted to introduce any proof that the lands were not advertised. If, because of the law and the condition of the pleadings, the defendant would not have been permitted to offer any proof of this allegation upon the trial, it must be true that a demurrer to it does not admit its truth.

The demurrer was properly sustained.

AFFIRMED.