## FULLER ET AL V. ARMSTRONG ET AL.

1. **Tax Deed:** EVIDENCE: NOTICE. A tax deed is presumptive evidence of the service of the notice required by section 894 of the Code, and where service of such notice has not been made it will be presumed, in the absence of proof to the contrary, that the land was taxed to an unknown owner, and was unoccupied, in which case no notice is required.

*Appeal from Harrison Circuit Court.*

FRIDAY, JUNE 11.

THE plaintiffs allege that they are the absolute owners of, certain land in Harison county, Iowa, which was sold for delinquent taxes in 1872, and deeded to the defendant

Fletcher Armstrong, in 1876, and that before the execution of the tax deed the defendant Armstrong did not cause to be served a notice of the expiration of the period of redemption as required by section 894 of the Code. Plaintiffs pray that an account be taken of the rents and profits, and of the taxes paid by the defendants, and that the title of the plaintiffs be quieted.

The answer alleges that notice of the expiration of the period of redemption was duly served. The court held that the deed was conclusive evidence that all the prerequisites of the law had been duly complied with, and dismissed the plaintiff's petition. The plaintiffs appeal.

*R. E. Montgomery*, for appellants.

*Smith & Kelley*, for appellees.

DAY, J.—It was agreed by the parties that prior to April 8, 1876, the date of the treasurer's deed, the premises were 1. TAX DEED: unoccupied, and the title thereto was in W. F. evidence: notice.     Coolbaugh. The plaintiff introduced in evidence what purports to be a notice to W. F. Coolbaugh, of the time when the time for redemption would expire. The affidavit of publication was made by Alpheus Davidson, editor and publisher of the Harrison County Courier. In the view which we take of the case it is not necessary to determine as to the sufficiency of this notice. Section 894 of the Code requires notice to be served upon the person in possession of the land and upon the person in whose name the land is taxed. It is conceded that no one was in possession of the land. If the land was taxed to an unknown owner, then there was no one upon whom service could be made. The deed is, at least, *prima facie* evidence of the regularity of all prior proceedings. It is incumbent upon the plaintiffs to prove that the land was assessed to some name in order to create a necessity for proof of the service of notice prescribed in section 894 of the Code. In the absence of such proof the *prima*

*facie* regularity of the deed requires us to presume that the land was assessed to an unknown owner, and that no notice of the expiration of the period of redemption was necessary.

AFFIRMED.