## MEREDITH v. PHELPS ET AL.

1. **Tax Sale and Deed:** TIME FOR REDEMPTION: NOTICE: POSSESSION.
   Where, at the end of three years after the sale of land for taxes, the land is both unoccupied and taxed to no one, the purchaser is entitled to a deed therefor, without giving any notice to the owner at the expiration of the time for redemption; (*Fuller v. Armstrong*, 53 Iowa, 683; *Tuttle v. Griffin*, 64 Id., 455;) and such deed will be good, though made pursuant to a notice published several years later, when the land was both occupied by and taxed to the owner.

### *Appeal from Cass District Court.*

### FRIDAY, OCTOBER 24.

THIS is an action to establish plaintiff's right to redeem certain real estate from a tax sale, and to set aside a tax deed thereof to defendant, Phelps, and to cancel the deeds conveying the same to the defendants, Reinig and Yitzer. The district court dismissed plaintiff's petition, and he appeals.

*C. C. Cole* and *J. F. Macomber*, for appellant.

*John W. Scott* and *L. L. De Lano*, for appellees.

REED, J.—The property in controversy is a lot in the town of Lewis. The evidence shows that plaintiff obtained a tax deed of said lot in 1875, and in 1880 he obtained a quitclaim from the former owner. The sale under which he obtained the tax title was for the taxes for years prior to 1872. He neglected, however, to pay the taxes for that year, and in December, 1873, it was offered for sale by the county treasurer for said tax, and defendant, Phelps, was the purchaser. In April, 1878, Phelps published a notice that the right of redemption from said sale would expire in ninety days from that date, and in November following the county treasurer executed a tax deed of the lot to him. On the twenty-eighth of October, 1879, he sold and conveyed an

undivided one-half of the lot to defendant, Yetzer, and on the fourth of January, 1880, he sold and conveyed the remainder thereof to defendant Reinig. Both of said conveyances were warranty deeds. The grounds on which plaintiff claims the right to redeem from the tax sale to Phelps are: *First*, that he was a resident of the county in which the property is situated in the year 1878, and that he took actual possession of the property as early as the month of March in that year, and that it was taxed to him for that year, and that he was not personally served with notice of the time when the right of redemption from said sale would expire, and that, therefore, his right of redemption has not terminated; and, *Second*, that before Phelps obtained the tax deed the parties entered into a contract whereby Phelps agreed to sell and assign to him (plaintiff) the certificate of purchase, but that, in violation of this agreement, and in fraud of his rights, he procured the tax deed to be executed to him by the treasurer. These allegations are all denied by the answer, and it is alleged that defendants, Yetzer and Reinig, are innocent purchasers of the property for value.

The evidence on which plaintiff's first claim is based tends to show that in March, 1878, or during the winter preceding that, a number of loads of wood belonging to him were, by his direction, piled upon the lot, and the tax-book of the county for 1878, which was introduced in evidence, shows that the lot was taxed to him for that year. It is also shown that he then was, and for many years prior to that had been, a resident of the county. A good deal of evidence was introduced by defendants, contradictory of plaintiff's claim that said wood was placed on the lot in question, but we do not find it necessary to determine this question of fact. Nor is it important, we think, to determine whether the piling of said wood on the lot would be such an act of possession as would entitle plaintiff, under the statute, to notice of the expiration of the period of redemption. The sale, under which the tax deed to Phelps was executed, took place in

December, 1873.   The statutory period of redemption, if all the intermediate steps required by the statute were then taken, expired in December, 1876.   It is not claimed that either plaintiff or any other person was in possession of the property during that year.   Nor was it then taxed either to him or any other person.   The property was then unoccupied, and was taxed as unknown.   Phelps was therefore entitled to receive a tax deed at that time without serving either plaintiff or any other person with notice to redeem.   *Fuller v. Armstrong*, 53 Iowa, 683;   *Tuttle v. Griffin*, 64 Iowa, 455. Plaintiff's right of redemption terminated at that time, even though the deed was not executed until nearly two years later. *Pearson v. Robinson*, 44 Iowa, 413;   *Scofield v. McDowell*, 47 Iowa, 129.   He is, therefore, not entitled to redeem from the tax sale on the first ground alleged.

II.   Plaintiff testified that the alleged contract with Phelps for the purchase of the tax certificate was made in 1878.   He does not claim to have paid any portion of the consideration which he agreed to pay for the transfer, nor does he claim to have taken possession of the property under the contract. As Phelps' right to a deed of the property was fully matured at the time the contract is alleged by plaintiff to have been entered into, it is very doubtful whether the parol evidence offered to establish it is competent.   We do not, however, determine that question; for, admitting the competency of the evidence offered, it is clearly insufficient to establish the alleged contract.   But two witnesses gave testimony on the question, viz., plaintiff and defendant Phelps, and there is a direct conflict between them.   Plaintiff is in no manner corroborated.   The burden of proof is on him, and it cannot be claimed that he has established said contract by a preponderance of the evidence.   We think, therefore, that the judgment of the district court is right, and it is

AFFIRMED.