BURDICK ET AL. v. CONNELL.

1. **Taxation**: ASSESSMENT TO "UNKNOWN OWNER:" EVIDENCE. Where a page in an assessment book contained the descriptions of thirty-six tracts of land, and following each description, under the proper headings, were written the proper items of the assessment in each case, except that under the heading "Owners' Names" there was no name written, except after the first and the sixth descriptions, the corresponding spaces after all the other descriptions being blank, *held* that the assessments in all the cases where no owner's name was entered must be regarded as being made to unknown owners.

2. **Tax Sale and Deed**: NOTICE TO REDEEM: WHEN NOT NECESSARY. When at the time of giving notice to redeem from a tax sale of land the land is unoccupied, and is assessed to an "unknown owner," no notice is necessary to the validity of a tax deed. *Fuller v. Armstrong*, 53 Iowa, 683, and *Tuttle v. Griffin*, 64 Id., 455, followed.

*Appeal from Sioux Circuit Court.*

SATURDAY, OCTOBER 9.

ACTION in equity to quiet in plaintiffs the title to a quarter section of land. The land was sold for delinquent taxes at the annual tax sale in 1878, and in December, 1882, the treasurer executed to plaintiff James H. Easton, a tax deed therefor, and since that date he has made a conveyance of an undivided one-half thereof to the plaintiff J. W. Burdick. Defendant alleges in his answer that the treasurer had no power or authority to execute said deed, for the reason that no notice was served on the person to whom the land was

taxed at the time when the period allowed for redeeming the land from the sale would expire; and in a cross-petition he prays that his right to redeem be established, and that the deed be set aside, and that he be permitted to make redemption. The circuit court entered judgment for plaintiffs, and defendant appeals.

*G. R. Struble*, for appellant.

*Pitt & Kessey*, for appellees.

REED, J.—The only evidence of the service of notice to redeem, on file in the treasurer's office where the tax deed was executed, was the affidavit of J. J. Bell, in which he swore that he was the attorney of James H. Easton, the holder of the certificate of purchase, and that a notice, a copy of which was attached to the affidavit, had been published three times in a newspaper published in the county, after the expiration of two years and nine months from the date of the sale. This notice was directed to Susan J. Pitts and O. B. Ayers. The land was not taxed to either of these persons for the year in which the deed was executed, nor was either of them in possession of it when the notice was served. It was uncultivated prairie land, of which no person was in actual possession.

The statute requires that the notice be served upon the person in possession, and upon the one in whose name it is taxed. Code, § 894. As the land was not taxed in the name of the persons named in the notice, and they were not in possession, no notice was required to be served on them; and it is clear that the service of the notice on them did not answer the requirements of the statute, if the circumstances were such as that notice was required to be served on some other person. Appellant claims that the land was in fact taxed in the name of H. H. Medallow, and that the notice should have been served on him. The assessment in force at the time was introduced in evidence. The page of the book on which the assessment of the property in question is shown contains the

assessment of thirty-six tracts of land. The tract at the top of the page is the S. E. $\frac{1}{4}$ of section 1, township 97, range 48. In the space opposite this description, under the heading of "Owners' Names," is the name of A. F. Quein; and in other spaces, under the proper headings, are shown the number of acres in the tract, the valuation per acre, and the total valuation. This description is followed by four forty-acre tracts, which together constitute the S. W. $\frac{1}{4}$ of the same section. There is no entry opposite either of these tracts, under the heading of "Owners' Names," but the other *data* of the assessment are carried out under the proper headings. Following them is the description of the N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 2, in the same township and range. In the space opposite this description, under the heading of "Owners' Names," is written the name of H. H. Medallow; and the number of acres in the tract, the valuation per acre and the total valuation are shown under the proper headings. The other thirty tracts described on the page are all entered by forty-acre descriptions. Ten of these descriptions occur between the one which is certainly assessed in the name of Medallow and those covering the land in question. The space under the heading "Owners' Names," opposite each of the thirty descriptions, is blank; but all the other *data* of the assessment are entered upon the proper headings opposite each tract.

We are very clearly of the opinion that each tract described on the page should be treated as having been assessed separately, and that the assessment to Medallow includes only the land covered by the description opposite to which his name is written. That it was the intention of the assessor to assess that one tract only in his name is apparent, we think, from what is shown upon the page. The entries with reference to that description constitute in themselves a complete assessment, and there is nothing at all upon the face of the book which in any manner indicates an intention to assess any of the other tracts of land in Medallow's name. The

other tracts (except the one assessed in the name of Quein) were without doubt intended to be assessed under the head of unknown owners. It is true, there is no entry on the page expressly showing such intention, but it should be presumed, from the fact that the name of the owner is not shown by the assessment, that such was the intention of the assessor. The case is clearly within the rule of *Fuller v. Armstrong*, 53 Iowa, 683, and *Tuttle v. Griffin*, 64 Id., 455.

AFFIRMED.