## GRIFFIN v. TUTTLE *et al.*

1. **Taxation**: ASSESSMENT TO UNKNOWN OWNER : WHAT SUFFICIENT. (*Burdick v. Connell*, 69 Iowa, 458, *followed*).

2. **Tax Sale and Deed**: WHEN NOTICE TO REDEEM NOT NECESSARY. When land has been sold for taxes, and at the time of giving notice to redeem, it is taxed to an unknown owner, and no one is in possession, the purchaser is entitled to a deed without notice. (*Meredith v. Phelps*, 65 Iowa, 118, *followed*).

3. ———: NOTICE TO REDEEM : TO WHOM LAND TAXED. When the taxes on land sold for taxes have not yet been levied for the year in which notice to redeem is given, but the land has been assessed to the unknown owner, and the assessor's book returned to the auditor, the land is then taxed to the unknown owner, in contemplation of the statute requiring notice to be given to the person to whom it is taxed. (Compare *Heaton v. Knight*, 63 Iowa, 686, and 65 Iowa, 434).

4. ———: SALE FOR LESS THAN TAXES DUE. A tax deed is not void on its face because it shows that the land was sold for less than the whole amount of the taxes due, for such sale is not unlawful (Laws of 1876, chap. 79), and the deed is presumptive evidence that the sale was lawfully made.

*Appeal from Clay District Court.*—HON. GEO. H. CARR, Judge.

FILED, MARCH 12, 1888.

ACTION to set aside certain tax deeds, and determine the ownership of real estate. Judgment for defendants, and plaintiff appeals.

*Harrison & Jenswold* and *Powers & Lacy*, for appellant.

*Glass & Hughes*, for appellees.

---

---

SEEVERS, C. J.—I.    It is conceded that G. H. Randall owned the real estate in controversy, unless the tax deeds under which the defendants claim are valid.    Randall conveyed the premises to Patterson, and he to the plaintiff, in 1885.    The real estate was sold for delinquent taxes on the second day of October, 1876, and the treasurer, on the fifteenth day of January, 1881, executed a conveyance to M. Tuttle, and the defendants are his heirs and legal representatives.    In 1878 the real estate was taxed to G. H. Randall.    In 1880 it was taxed to the unknown owner, and the tax-list of 1874 was not introduced in evidence.    A new assessment of real estate must be presumed to have been made in 1879, because there is a statute which so provides.    The defendants claim that such an assessment was in fact made, and the books of the assessor were introduced in evidence so showing, as they claim ; but the plaintiff claims that such assessment is void.    An expiration notice was published, which is conceded to be insufficient, and the claim of the defendants is that no such notice was required, because the land was taxed to an unknown owner at the time the plaintiff, under the statute, was required to give such notice, if such time was two years and nine months after the sale, or when the tax deed was obtained.    The assessment made in 1879 is as follows :

<div style="margin-left:2em; font-size:smaller;">
1. TAXATION:<br/>
assessment to<br/>
unknown<br/>
owner:  what<br/>
sufficient.
</div>

Griffin v. Tuttle.

## ASSESSOR'S BOOK, SUMMIT TOWNSHIP, 1879.

| Owner's name. | Under 45 years. | Over 45 years. | No. road dist. | No. sub-dist. | Part of section or name of town. | Section or lot. | Twp. or block. | Range. | Acres. | Val. per acre. | Value of land. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Unknown. | | | | | S. W. of N. W. | 34 | 97 | 37 | 40 | 3.50 | 140. |
| | | | | | S. W. of S. W. | " | | | | | |
| | | | | | S. E. of " " | " | | | | | |
| | | | | | N. E. " " | " | | | | | |
| | | | | | N. W. " " | " | | | | | |
| | | | | | S. W. " S. W. | 35 | | | | | |
| | | | | | S. E. " " | " | | | | | |
| | | | | | N. E. " " | " | | | | | |
| | | | | | N. W. " " | " | | | | | |
| | | | | | N. E. " N. E. | 35 | | | | | |
| | | | | | N. E. " N. W. | " | | | | | |
| | | | | | N. W. " N. E. | " | | | | | |
| | | | | | S. W. " " | " | | | | | |
| | | | | | S. E. " S. E. | " | | | | | |
| | | | | | N. E. " " | " | | | | | |
| | | | | | N. W. " S. W. | 36 | | | | | |
| | | | | | N. E. " " | " | | | | | |
| | | | | | S. E. " " | " | | | | | |
| | | | | | S. W. " " | " | | | | | |
| | | | | | S. E " S. E. | " | | | | | |
| | | | | | S. W. " " | " | | | | | |
| | | | | | N. W. " " | " | | | | | |
| | | | | | N. E. " " | " | | | | | |
| | | | | | N. W. " S. E. | " | | | | | |
| Total No. of acres. | | | | | S. W. " " | 4 | | | | 1000 | |
| Total value. | | | | | | | | | | | 3500 |

The land in controversy is the east half of the southeast quarter of section thirty-five, in township ninety-seven, range thirty-seven.

II.  It is insisted that there was no assessment, because as to the land in controversy the township and range, the number of acres, valuation, and name of the owner, are not stated, but that in all of said matters the assessment is a mere blank.   The assessment is substantially like, if it is not identically the same as, the assessment in *Burdick v. Connell*, 69 Iowa, 458.  Following that case, the assessment in question must be held to be sufficient.

III.   There was no person in possession of the land, and, if it was taxed to an unknown person, then the tax purchaser was entitled to a deed without giving any expiration notice.   It was so held in *Meredith v. Phelps*, 65 Iowa, 118, and cases cited; and in *Heaton v. Knight*, 63 Iowa, 686, it is held that the assessments in a certain

*2. Tax sale and deed: when notice to redeem not necessary.*

class of cases must be regarded as a taxation of the land. The only essential difference between the case

**3. ——: notice to redeem: to whom land taxed.**
last cited and this is, that in the former the assessment was to a known owner, and in the latter to an unknown person. Notwithstanding this difference, the assessment under the cited case must be regarded as a taxation of the real estate. The tax purchaser was bound to examine this assessment in order to determine whether he was required to give an expiration notice, and, if he did so, he then found the land was taxed to an unknown owner, and, therefore, he was not required to give such notice. He was not bound to look back of the assessment. The tax-list for 1879 was not then made out. If it be conceded that he was bound to look at the tax-list when he obtained his deed, this, in no respect, affected his duty, for the reason that such list showed that the land was taxed to an unknown owner.

IV. The tax deeds recite that the purchaser offered to pay a named sum for the land, being less

**4. ——: sale for less than taxes due.**
than the whole amount of taxes due thereon, and, as the same was the highest amount bid, the land was struck off to him. It is urged that, because of this recital, the deed is void on its face, for the reason that section 876, and other sections of the Code, contemplate that the land shall be sold for the whole amount of the taxes due on each separate parcel of the real estate. Chapter seventy-nine, Acts Sixteenth General Assembly (Miller's Code, p. 215), provides that in certain cases lands may be sold for less than the amount of taxes due thereon. The deed is presumptive evidence that the sale was lawfully made, and, therefore, it follows, there being no evidence to the contrary, that the sale was made in conformity to the statute last referred to.

                                        AFFIRMED.