ANTHONY H. SHAVER, Appellant, *v.* LEVI WOODWARD, and JACOB P. SHAVER, Appellees.

APPEAL FROM OGLE.

A deed though absolute on its face, may be only a mortgage; this fact may be established by parol testimony; and a subsequent purchaser, with a knowledge of the transaction cannot obtain an absolute title by conveyance from the mortgagee, so as to prevent redemption by the mortgagor.

THIS bill was filed in the Ogle Circuit Court by appellant against appellees.

Bill states, that complainant borrowed of Jacob P. Shaver, who is his father, and resides in the State of New York, $444.50, and to secure the payment, gave said Jacob P. Shaver a mortgage on fractions one and two of the north-east quarter of Section 3, Township 73, Range 7 east of the 4th principal meridian.

August, 1853, complainant borrowed of said Jacob P. Shaver a sum sufficient to make the whole amount $950, and agreed to give said Jacob P. Shaver a deed of fraction No. 2, and west half of fraction No. 3, and also a lot of timber land in Elkhorn Grove, being the most easterly of two tracts that said complainant owned in said grove.

Said conveyance was not then executed, because it was then inconvenient to make the same, but it was agreed such conveyance should be executed, and should operate only as a mortgage to secure the payment of said $950, and also $50 left by said Jacob P. Shaver with complainant, to be expended on said premises; that said complainant should have the right to redeem said premises upon repaying the said sum of $1,000, and seven per cent. interest. This right of redemption was subject to one condition, which was that, on the return of the said Jacob P. Shaver to his residence in New York, if one of his other sons should desire to remove West, the land should be deeded to such son, who was, in such case, to enter upon and improve such land, which would have been a benefit to the adjoining lands of complainant.

On the return of said Jacob P. Shaver, none of his sons

were willing to remove West, and the conveyance became a simple mortgage for the payment of one thousand dollars and interest. On the 30th September, 1853, complainant executed a conveyance of the aforesaid land, except the timber land, and sent the same to the said Jacob P. Shaver. The timber land was not included, because it was impossible to give an accurate description of it. The land conveyed was worth $1,500.

Defendant Woodward resided near complainant, and had been a member of complainant's family, and was originally in the neighborhood in New York, where Jacob P. Shaver resided, and well knew the right that complainant had in the premises and the bargain between him and Jacob P. Shaver, and had frequently applied to complainant to buy the land, and had offered him $1,300 for the same, and failing to buy the land of the complainant, went to the residence of the said Jacob P. Shaver, in New York, and falsely and fraudulently represented to the said Jacob P. Shaver, that he had agreed with complainant, that he, the said Woodward, might have said premises, and that he was to pay said Jacob P. Shaver $1,000, and arrange the residue with complainant.

Jacob P. Shaver refused to make said conveyance without an order in writing from said complainant. But Woodward assured him that he left in a great hurry and had no time to procure such order; that the bargain was all consummated between said complainant and said Woodward, and that much time and expense would be saved if the said Jacob P. Shaver would receive a thousand dollars and make the conveyance. All of which representations were false and fraudulent. Said Jacob P. Shaver relied on said representations, and did convey said land to said Woodward, and did receive the one thousand dollars from him.

Prayer that the deed from Jacob P. Shaver be set aside.

Amendment to bill filed to cure a mistake in the deed to Jacob P. Shaver in a description of the land.

The same error was continued in the deed from Jacob P. Shaver to Woodward.

Complainant offers to pay Woodward the sum of $1,000

and interest, and prays that Woodward may be required to convey the premises, so far as they were correctly described, to him.

The answer of Jacob P. Shaver admits the statements of the bill to be true.

The answer of Woodward admits that Jacob P. Shaver is the father of complainant, and says he has no knowledge of complainant borrowing money of said Jacob P. Shaver; denies that the sum of $950 was loaned by Jacob P. Shaver to complainant; denies that the conveyance from complainant to Jacob P. Shaver was intended to operate as a mortgage.

Admits the conveyance from complainant to Jacob P. Shaver. Denies that he ever had any knowledge that said conveyance was intended as an absolute conveyance; that he paid Jacob P. Shaver $1,000 in full payment for the land; admits the mistake in the deeds, in the description of the land; offers to have the same corrected; denies that he made any representations to the said Jacob P. Shaver, as charged in the bill, or that he offered to buy the land of complainant, as charged; denies that the lands were worth fifteen hundred dollars; says that they were worth but a thousand.

There was a replication filed.

The proofs sustained the allegations in the bill.

Case heard, and bill dismissed, at complainant's costs.

The complainant below prayed this appeal.

GLOVER, COOK & CAMPBELL, for Appellant.

LELAND & BLANCHARD, for Appellees.

BREESE, J. We think the proof in the record abundantly establishes the fact, that the deed from appellant to his father, Jacob P. Shaver, was a security for money loaned merely, and though absolute on its face, was in fact but a mortgage; and this may be established by parol proof.

Such has been the ruling of this court for a number of years, and it is now too late to combat it. *Tilson* v. *Moulton et al.*, 23 Ill. 648, and cases there cited.

That Woodward had notice of this fact, that the deed to

Jacob was intended as a mortgage only, is satisfactorily shown by the testimony in the cause, and with this knowledge he, in a fraudulent manner, attempted to get the absolute title to the land, through a conveyance from the mortgagee, and then deny to the complainant any right in him to redeem the estate.

From the evidence, we are constrained to believe Woodward acted fraudulently in making the purchase, and misrepresented the facts to the father, to induce him to sell the land to him.

The reason operating with the Shavers why the deed should be absolute on its face, is quite satisfactory. Both father and son desired another son should come out West and settle on this land; so it was agreed, if either of his sons should be willing to go upon the land and live on it, he might pay the father the money loaned, and the father would convey it to him. If, however, neither of his sons would come out and settle upon the land, then the deed was to be considered simply as a security for the money advanced by the father, and complainant should have the right to redeem.

A parallel case to this is to be found in 26 Ill. 158, *Dement et al.* v. *Bonham.*

The decrée is reversed and the cause remanded, with instruction to set aside the deed from Jacob P. Shaver to Woodward, and cancel the same, on complainant paying to said Woodward one thousand dollars and interest, at six per cent. per annum, from May 15, 1854, until the day said sum shall be paid, from which payment the said deed shall be cancelled and held for nought.

*Decree reversed.*