Douglass v. Tullock.

DOUGLASS v. TULLOCK *et al.*

Tax sale and deed: STATUTE OF LIMITATIONS. The limitation upon actions for the recovery of real property sold for taxes, contained in section 790 of the Revision, operates as a bar upon all actions of this character, based upon irregularities in the manner of sale; as that several tracts were sold together for a gross sum.

*Appeal from Blackhawk Circuit Court.*

FRIDAY, JUNE 14.

ACTION to recover certain real estate. Judgment for plaintiff. Defendants appeal. The further necessary facts appear in the opinion.

*Hewett & Dodge* for the appellants.

*Ordway & Husted* for the appellee.

MILLER, J. — The only question for consideration arises upon the exclusion of certain tax deeds offered in evidence by defendants. These deeds were executed and recorded more than five years, prior to the commencement of the action, and the defendants relied upon these deeds, under the statute of limitations, as provided in section 790 of the Revision, to defeat the plaintiff's recovery. The objection made to the tax deeds, and on which they were excluded, was that each deed showed on its face that several tracts of land had been sold at one sale for a gross sum, and it is argued that this irregularity or illegality rendered the deeds void, as fully as if no sale had, in fact, been made.

The section of the statute above referred to, reads as follows: "No action for the recovery of real property, sold for the non-payment of taxes shall lie, unless the same

be brought within five years after the date of the sale thereof, for taxes as aforesaid," etc. It has been settled by repeated adjudications in this court, that the time here limited does not commence to run until the delivery and recording of the tax deed. *Eldridge* v. *Kuhel*, 27 Iowa, 160; *Henderson* v. *Oliver*, 28 id. 20.

It has also been held that the section above quoted, operates as a bar only in those cases where the land has, in fact, been sold for the non-payment of taxes. *Case* v. *Albee*, 28 Ill. 277; and in *Thomas* v. *Stickle et al.*, 32 Iowa, 71; see West. Jur., vol. 5, 490, in which the precise question, made in this case, was involved. It was held that, while this section of the statute will not preclude a party, after the lapse of five years from the recording of the tax deed, from showing that the land was not sold, in fact, for taxes, yet as to irregularities in the mode and manner of the sale, when there has been a sale, they must be taken advantage of before the five years have run; that upon all irregularities in the sale, such as the sale of several tracts for a gross sum, which would render the deed void on its face, if taken advantage of within the five years, the statute operates as a bar.

It is not claimed in this case that there was no sale, in fact, made by the treasurer, as recited in the tax deeds, but it is urged that the sale is void because not made in the *manner* directed by the statute. We have, in this case, re-examined the grounds of the decision in *Thomas* v. *Stickle*, *supra*, and are satisfied with its soundness.

In addition to the cases there cited, see *Brooks* v. *Bruyn*, 35 Ill. 392.

The circuit court erred in holding that the tax deeds must show a regular and valid sale before the purchaser can avail himself of the statute of limitations above set out, and its judgment must be

Reversed.