CRAGIN v. HENRY ET AL.

1. **Title:** NOTICE OF EXISTING EQUITIES. The title of one who purchased in good faith, entered into possession and has made valuable improvements, cannot be affected by equities in favor of a third party of which he had no notice.

2. **Tax Deed:** UNDIVIDED INTEREST. A tax deed of an undivided interest in real estate, sold for taxes upon the whole, is invalid.

*Appeal from Woodbury District Court.*

TUESDAY, DECEMBER 22.

ACTION in chancery to set aside certain deeds for a lot in Sioux City, and to declare the title vested in plaintiff. The defendant, Forbes, by answer and cross-bill claimed the title to

be in himself. Upon a final hearing the court refused the relief asked by plaintiff, and by the decree rendered, declared the title vested in Forbes, and ordered that plaintiff be forever barred setting up claim thereto. Plaintiff appeals.

*Joy & Wright,* for appellant.

*Pendleton & Bailey,* for appellee.

BECK, J.—I. The defendant, Forbes, holds title to an undivided one-half of the property derived from one Campbell.

1. TITLE: existing equities. Plaintiff alleges that Campbell and one Henry held the legal title of the lot in trust for plaintiff; that they were his agents for loaning and collecting money, and in 1858, the property was conveyed to them jointly in payment of a loan made by plaintiff, and the title held by them in trust for him; that in 1870, Campbell, in violation of the trust, conveyed the property as his own to the grantor of Forbes, and that each of these parties had full notice of the trust, and plaintiff's equities. The defendants deny knowledge of plaintiff's claim, and aver that they were good faith purchasers for a sufficient consideration. Upon this branch of the case there is no conflict of evidence as to the controlling fact of Forbes' good faith, and that he purchased, for a full consideration, the interest conveyed by Campbell, namely, the undivided one-half of the property. We fail to find any thing in the record which will charge him with notice of plaintiff's equity. He entered into the possession of the property, and has made valuable improvements thereon. His title therefore, to the undivided one-half of the lot, cannot be disturbed.

II. An undivided one-half of the lot was sold for taxes, and purchased by one Falkner. Forbes claims title under this tax sale, the tax deed having been made either directly to him as the assignee of the certificate, or to his grantor under whom he claims. Under this title and that derived from Campbell, he claims the whole lot. It is shown by the evidence that plaintiff commenced a suit to redeem from this tax sale which is still pending, and he avers in his petition the

suit was instituted before Falkner assigned the certificate. This averment is not denied in the answer, and we find nothing in the proof before us, contradicting it. It must be taken as true. It is shown that subsequently to the commencement of this suit, Falkner transferred the tax sale certificate. The ground upon which plaintiff bases his right to redeem is his interest in the property, and a tender of a proper sum within the time allowed by law for redemption. The undivided one-

2. TAX deed: half of the lot was sold for the taxes upon the
undivided
interest. whole, and the deed executed by the treasurer is for an undivided half. We are very clear that the tax deed ought to be set aside. The treasurer had no authority to deed an undivided interest in the property. Rev. § 760.

We are also of the opinion that plaintiff ought to be permitted to redeem from the sale for taxes. He will be allowed so to do, upon paying one-half of the amount of the tender made by him. As he is the owner of the undivided one-half of the lot only, he cannot be required to pay the taxes due upon the whole. The sale was for the taxes upon the whole lot. He is therefore entitled to redeem upon the terms indicated.

Plaintiff's title to the undivided one-half of the lot ought to be quieted. And, as we hold that Forbes is the owner of the other undivided interest, the same relief ought to be extended to him, and his title thereto ought also to be declared valid.

The decree is reversed so far as it declares the title of all of the lot to be vested in Forbes. A decree conforming to this opinion will be entered in this court.

REVERSED.