PEIRCE v. WEARE.

1. **Taxation:** ASSESSMENT. Section 3 of the Act of March 20, 1858, authorized an assessment to be made in that year, for that and the preceding year.

2. ———: ———: OFFICERS DE FACTO. Under section 786 of the Revision the acts of officers *de facto* are of the same validity as those of officers *de jure.*

3. **Deed:** RECORDING OF: NOTICE. Where the index to the record of a deed gave, for a description of the property, "parts of sections 28 and 29: See record," this was held sufficient to impart constructive notice. Following *Hodges v. Lovell*, 25 Iowa, 97.

4. **Tax Deed:** STATUTE OF LIMITATIONS. No objections to the tax deed or proceedings prior thereto, or irregularities in the manner of assessment and levy, will operate to defeat the bar of the statute of limitations.

*Appeal from Woodbury District Court.*

THURSDAY, OCTOBER 21.

THIS is a suit in equity, brought by the plaintiff to quiet his title to the undivided half of the S. W. ¼, and S. W. ¼ of N. W. ¼ of Sec. 20, and the N. W. ¼, and N. W. ¼ of N. E. ¼ of Sec. 29, T. 88, R. 47, in Woodbury county. The plaintiff avers that he is the owner in fee of said undivided half, and that the defendant claimed title to the same under a tax sale and deed, which sale and deed the plaintiff averred were void, for reasons specified at length. The defendant denied the allegations that the sale and deed under which he claimed were void, and averred that the sale was regular, and the deed valid; the defendant also pleaded the statute of limitations. The cause was tried by the court, and a decree rendered for plaintiff as prayed. The defendant appeals. The further necessary facts are stated in the opinion.

*Hubbard & Deacon*, for appellant.

A tax deed is conclusive evidence that the assessments, levies and sale were regularly conducted, but as to the facts of assessment, levy and sale, is only *prima facie* evidence. (Code, §

897; *McCready v. Sexton & Son*, 29 Iowa, 356; *Bulkley v. Callanan*, 32 Id., 464; *Ware v. Little*, 35 Id., 234.) The fact of assignment and levy being admitted, the deed is conclusive of the method of the assessment and levy. (*Thomas v. Stickle*, 32 Iowa, 71; *Ware v. Little, supra.*) Words giving joint authority to three or more public officers are to be construed as giving such authority to a majority of them, unless it be otherwise limited. (Code, § 45; Rev., § 29; Code of 1851, § 26.) The tax deed being recorded December, 1865, and this action commenced October, 1873, it is barred by the statute of limitation. (*Eldridge v. Kuehl*, 27 Iowa, 173; *Douglas v. Tullock*, 34 Id., 262; *Pillow v. Roberts*, 13 How., 472.) The indexing by writing the numbers of the section, township, and range, referring to the record for full description, imparts constructive notice. (*Hodgson v. Lovell*, 25 Iowa, 97.) The warrant is not essential to a valid exercise of the taxing power. (*C. R. & M. R. R. Co. v. Carroll Co.*, 153 *infra*.) The treasurer's deed is conclusive evidence of compliance with the statute, both as to the tax warrant, and due notice and publication. (*Hurley v. Powell, Levy & Co.*, 31 Iowa, 66.) Four contiguous quarter sections may properly be called a tract. (*Martin v. Cole*, 38 Iowa, 141.)

*Joy & Wright*, for appellee.

The inability of the county judge to act as a member of the equalization board should appear of record, and the authority of one acting in his behalf should also appear to give his acts validity. (*Burlingt'n University v. Ex'rs of Stewart*, 12 Iowa, 442; *Muscatine v. Steck*, 7 Id., 505.) Where joint authority is conferred upon three or more, all must participate in the action, or have an opportunity of doing so to render it valid. (*Peay v. Schenck & Bliss*, 1 Woolworth, 189; *Oakley v. Aspinwall*, 3 N. Y., 565.) Land must be sold as assessed. (*Ware v. Thompson*, 20 Iowa, 65; *Corbin v. De Wolf*, 25 Id., 124; *Stewart v. Corbin*, Id., 143.) Where the land is sold in gross the deed is void. (*Harper v. Sexton*, 22 Iowa, 442; *Ackley v. Sexton*, 24 Id., 320.) The index must contain grantor's name and description of the property, to impart notice. (*Stew-*

*art v. Huff*, 19 Iowa, 55.) A purchaser at tax sale having no actual notice of an adverse claim, will be protected against it. (*Burtis v. Cook & Sargent*, 16 Iowa, 194; *Isett & Brewster v. Lucas* 17 Id., 503.) The recitals in a tax deed are not conclusive as to the validity of assessment and sale. (*McNamara v. Estes*, 22 Iowa, 248; *McCready v. Sexton*, 29 Id., 356; *Corbin v. Hill*, 21 Id., 70.)

Cole, J.—I. The lands in controversy were entered jointly by Horace Everett and Roswell G. Peirce, June 15, 1855. A judgment was rendered against Peirce, August 8, 1871, and thereunder, upon execution, the undivided half of said land was sold to the plaintiff, Jno. Peirce, May 11, 1872. These are the facts constituting plaintiff's title.

The undivided half of the lands (that being the interest in controversy) was sold October 3, 1860, for the delinquent taxes of 1857–8–9, to Isaac G. Lash, and on December 21, 1865, no redemption having been made, the treasurer executed a tax deed therefor to said Lash. On October 26, 1868, Lash conveyed to Geo. Weare, who thereafter conveyed the same to this defendant.

These facts constitute the basis of the defendant's title.

It is claimed by the plaintiff that the tax sale and deed are invalid because there was no assessment of real property in Woodbury county for 1857, and no levy of any taxes for that year, and that the levy made in September, 1858, by the board of equalization, was not valid. It is also insisted that the taxes for the year 1858 are void because the revenue act of 1857 provided for the assessment of real property in 1857 and every two years thereafter, and that these lands were assessed in 1858 for that year and for 1857. In our view Sec. 3 of the Act of March 20, 1858, authorized the assessment to be made in that year for the year 1857, and such assessment would stand for both the years 1857 and 1858; that law also provided for the levy of the taxes "as now prescribed by law."

Whether the officers making the levy were legally authorized to make the levy under the law in force when the act of

1. TAXATION: assessment.

1858 was passed, and which was repealed prior to their action,

**2. ——: ——: officers de facto.** we need not determine, since it is clear that the persons acting as a board of equalization and making the levy were at least officers *de facto*, and under Revision, Sec. 786, their acts are " of the same validity as acts of officers *de jure.*" This provision of the law also answers the objection made by the plaintiff to the levy of the taxes in 1859 which was made by J. M. Field, acting county judge, and Hedges, the treasurer and recorder. For, although Campbell may have been the county judge, yet Field was acting as such and was therefore the county judge *de facto*, and his acts as such were valid.

II. The defendant pleaded and relied upon the statute of limitations (Revision, Sec. 790; Code, Sec. 902), which limits

**3. DEED: record of: notice.** the right of action to five years after the treasurer's deed is executed and recorded. The treasurer's tax deed in this case was executed December 21, 1865, and filed for record and recorded December 23, 1865; this action was commenced on the 23d of October, 1873, which was more than five years after the record of the deed. The action is, therefore, barred unless it be taken out of the statute by the failure to properly index and record it. As to the record there is no question. The index was as follows: " Grantor, Treasurer of Woodbury county; grantee, Israel G. Lash; date of file, December 23, 1865, 12 m.; date of instrument, December 21, 1865; character, tax deed; vol. E, page 47–49; description of property, parts of sections 20 and 29–88–47; remarks, see record." That this index was sufficient to impart constructive notice has been by this court several times in effect decided. See *Hodges, adm'r, v. Lovell*, 25 Iowa, 97 and cases there cited.

All the objections to the tax deed and the proceedings prior thereto relate to the *manner* of the assessment or levy; and

**4. TAX DEED: limitation.** irregularities in respect of such matters do not so affect the deed as to prevent the holder of such deed from relying upon it as sufficient to constitute a bar under the statute of limitations. See *Eldridge v. Kuehl*, 27 Iowa, 173; *Thomas v. Stickle*, 32 Iowa, 71; *Douglas v. Tul-*

*lock*, 34 Iowa, 262; *Jeffrey v. Brokaw*, 35 Iowa, 505; *Pillow v. Roberts*, 13 Howard, U. S., 472.

The sale of an undivided half of the land upon which the taxes remained unpaid, the taxes having been paid upon the other undivided half by the owner thereof, was competent and proper. The case of *Cragin v. Henry et al.*, 40 Iowa, 158, only decided that it is not proper to sell an undivided interest in a tract of land for the taxes due on the whole thereof.

REVERSED.