GRIFFIN v. BRUCE ET AL.

GADSBY v. BREWER.

1. **Tax Sale:** FOR TAXES NOT CARRIED FORWARD: DEED VOIDABLE ONLY: LIMITATION OF ACTION. While a sale of land for delinquent taxes of preceding years, not carried forward on the tax books, as required by Code, § 845, is invalid, (*Gardner v. Early*, 69 Iowa, 42,) yet it is not void, and the owner of the patent title cannot question it five years after it has been executed and recorded. (See opinion for cases followed, in principle, and for cases distinguished.)

*Appeal from Clay District Court*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 25.

THESE appeals involve a question as to the validity of certain tax titles. The plaintiff in one case, and the defendant in the other, are the holders of tax deeds upon certain lands. These suits were not commenced until after the lapse of five years from the execution and recording of the deeds. The district court held that the owners of the patent title were precluded from questioning the validity of the deeds, by reason of the statute of limitations. The tax-title owners appeal.

*Parker & Richardson*, for appellants.

*Hughes & Chamberlain*, for appellees.

ROTHROCK, J.—The deeds were regularly executed and recorded, but appellants claim that they are invalid for the

reason that the lands were sold for delinquent taxes not carried forward on the tax-list, as required by section 845 of the Code. That section is as follows: " The treasurer, on receiving the tax-book for each year, shall enter upon the same in separate columns, opposite each parcel of real property or person's name, on which, or against whom, any tax remains unpaid for any of the preceding years, the year or years for which such delinquent tax remains due and unpaid, and any sale for the whole or any part of such delinquent tax not so entered shall be invalid." In *Gardner v. Early*, 69 Iowa, 42, we held that a sale of land for taxes not carried forward was invalid, and the owner of the patent title was entitled to have a deed made in pursuance of such sale set aside. The owners of the patent title in the cases at bar insist that such a sale and deed are not only liable to be set aside, but that they are absolutely void, and that the statute of limitations cannot have any application in such cases. They insist that there was a want of power to make the sale, and they claim that the sales are therefore void, as where there was no assessment, levy, or sale in fact, or where the taxes were paid before the sale, or the land was not subject to taxation, or the like. In all this class of cases it has been held that the statute of limitations does not apply, because it has no basis to rest upon. See *Case v. Albee*, 28 Iowa, 277; *Patton v. Luther*, 47 Id., 236; *Early v. Whittingham*, 43 Id., 162; *Nichols v. McGlathery*, Id., 189; and other cases in this court. But there is another class of cases which hold that, where there is a sale which is simply voidable, but not void, the statute of limitations applies, and the sale cannot be questioned after five years from the recording of the tax deed. These relate to irregularities and failures to observe the provisions of the statute, in the manner of the assessment, levy, or sale. See *Thomas v. Stickle*, 32 Iowa, 71; *Douglas v. Tullock*, 34 Id., 262; *Peirce v. Weare*, 41 Id., 378; *Bullis v. Marsh*, 56 Id., 747; *Monk v. Corbin*, 58 Id., 503, and other cases.

It appears to us that the cases at bar belong to this latter class. It is not claimed that the land was exempt from taxation, or that there was no assessment, levy, or sale, or that the tax was paid before the sale, or that the land was redeemed after the sale. The fact that the tax was not carried forward upon the subsequent tax books did not operate as a discharge or payment of the tax. (*Barke v. Early*, 72 Iowa, 273.) The omission to perform this duty by the treasurer was a mere irregularity in the exercise of the duties of his office, which, it is true, rendered the sale invalid, but advantage should have been taken of it before the expiration of the limitation fixed by law. See *Guthrie v. Harker*, 27 Fed. Rep., 586. We think the ruling of the district court was correct.                                              AFFIRMED.