Collins v. Valleau.

AFFIRMED.

## COLLINS v. VALLEAU.

## VAN RIPER *et al.* v. THE SAME.

1. **Tax Sale and Deed:** TAXES NOT BROUGHT FORWARD: ERROR CURED BY TIME AND POSSESSION. Where land was sold in the year 1867 for the taxes of 1866, which were not brought forward upon the tax list of 1867, as required by section 845 of the Code, *held* that the defect was cured, as against the owner of the patent title, by the lapse of fifteen years, and the actual, open and notorious possession of the land during the last eight of those years by the holders of the tax title. (See *Griffin v. Bruce*, 73 Iowa, 126.)

2. **Evidence:** RECORDS OF DEEDS WITHOUT REVENUE STAMPS. The record of a deed executed when revenue stamps were required to be affixed to deeds is admissible in evidence, even though the record does not show that revenue stamps were affixed to the original deed; for, in the absence of a contrary showing, that will be presumed, since it was the duty of recorders to refuse to record such instruments until the proper stamps were affixed, and he was under no obligation to copy or refer to the stamps in the record. (This point elaborated and affirmed in opinion on rehearing.)

3. ———: RECORD OF CERTIFIED COPY OF RECORD. A power of attorney was originally filed and recorded in Woodbury county, to which O'Brien county was at the time attached. Afterwards a certified copy of the record in Woodbury county was recorded in O'Brien county. *Held* that the record in O'Brien county was admissible in evidence without a showing that it was the same as the record in Woodbury county; for that will be presumed, in the absence of evidence to the contrary.

4.  **Acknowledgments** : DEFECTS CURED BY STATUTE.  A defective
acknowledgment of a power of attorney, executed in 1867, and
duly recorded in this state prior to the taking effect of section 1967
of the Code. is cured by that section.  (See *Brinton v. Seevers*, 12
Iowa, 389.)

5.  **Appeal** : ARGUMENT : ESTOPPEL BY RECORD.  Counsel cannot be
permitted, in his argument in this court, to deny in his reply a
fact which is shown by the testimony set out in his abstract, and
which he has admitted by implication in his opening argument.

6.  **Evidence** : DOCUMENTS NOT FILED AS PER ORDER.  Where in an
equity case there was an order that the oral evidence should be
taken in the form of depositions, and all documentary evidence
filed with the clerk before trial, it was not error to admit docu-
mentary evidence not so filed; but, if the adverse parties were
taken by surprise, they would have been entitled to a continuance
upon application therefor.

*Appeal from O'Brien District Court.*—HON. SCOTT M.
LADD, Judge.

FILED, OCTOBER 12, 1889.

THESE actions involve the title to certain lands in
O'Brien county.   The plaintiffs claim to be the owners
under the patent title, and the defendant claims title
under certain tax sales and deeds.   The actions are in
equity, and were tried together as one case, and there
was a decree dismissing the petition.   Plaintiffs appeal.

*H. E. Long*, for appellants.

*M. H. Allen* and *L. Bullis*, for appellees.

ROTHROCK, J.—I.   It appears from the evidence
that part of the land was patented by the United States
to one George L. Fobert in the year 1857,
and that the residue was patented to one
Richard Van Riper in the year 1859.
Benjamin Collins, the plaintiff in one of
the cases, acquired title under the patent
in March, 1858, and the plaintiffs in the other case are
the widow and children of Van Riper, the patentee.
There is no evidence that any of the plaintiffs or their
grantors have at any time paid any taxes on any of the

land. All of the land was sold by the treasurer of O'Brien county on the twenty-second day of December, 1860, for the delinquent taxes of 1858 and 1859. A treasurer's deed was afterwards executed in pursuance of said sale, but it is conceded by counsel for the respective parties that said deed was void, as there was no authority nor power vested in the treasurer of O'Brien county to sell land for the delinquent taxes for the years above named. This was determined by this court in the case of *Hilliard v. Griffin*, 72 Iowa, 331. It further appears from the evidence that the lands in controversy were again sold at tax sale on the ninth day of December, 1867, for the delinquent taxes of 1866, and that one Thomas J. Stone was the purchaser at said sale. On the twenty-eighth day of December, 1870, the treasurer executed and delivered a deed to said Stone in pursuance of said sale. It is claimed by counsel for appellants that this last deed is void, because the taxes for the year 1866 were not carried forward upon the tax list of 1867; and we are cited to the case of *Gardner v. Early*, 69 Iowa, 42. But that case has no application to the cases at bar. These actions were commenced on the sixth day of March, 1886, more than fifteen years after the tax deed was executed, and more than eight years after the grantors of the defendant were in actual, open and notorious possession of the land. Said possession has been continuous until the present time. The irregularity in failing to carry forward the delinquent tax has been cured by the lapse of time and the possession. This question was expressly so determined in the case of *Griffin v. Bruce*, 73 Iowa, 126.

II. There can be no doubt that the defendant's title under the tax sale and deed to Stone is valid, unless she has failed to show that she holds under that deed. We will proceed to notice some of the objections made by counsel to her title under the tax deed. Some of the conveyances by remote grantors were

2. EVIDENCE: records of deeds without revenue stamps.

executed at a time when, by the laws of the United States, internal revenue stamps were required to be placed upon conveyances of land. The records of said deeds were offered in evidence, and objection was made that the records were not competent evidence, because they did not show that revenue stamps were affixed to the original deeds. There is no merit in this objection. If it were shown to be a fact that no revenue stamps were affixed to the original instruments, they would still be admissible in evidence, unless it was made to appear that there was a fraudulent intent in the omission to properly stamp the papers. *Mitchell v. Insurance Co.*, 32 Iowa, 421.

III. A link in the chain of title consisted of a power of attorney authorizing the conveyance of the land. The original power of attorney was recorded in Woodbury county, to which O'Brien county was formerly attached. Afterwards a certified copy of the record in Woodbury county was recorded in O'Brien county. The defendant testified as a witness that she did not have possession nor control of the instrument purporting to be recorded in O'Brien county. Objection was made to the introduction of the record in O'Brien county because it was a copy of a copy, and objection was made to the introduction of the record in Woodbury county because it was not shown that the two records were the same, and that the defendant did not have possession or control of the original of the record in Woodbury county. This objection was without merit. In the absence of some showing in the evidence, it should be presumed that the records were alike. The objection is too technical to demand discussion.

3. ——: record of certified copy of record.

IV. It is further objected that the power of attorney was not acknowledged as required by the laws of Iowa. The defective acknowledgment was executed in the year 1867. By section 1967 of the Code all acknowledgments of all deeds, mortgages or other instruments in writing,

4. ACKNOWLEDG-MENTS: defects cured by statute.

taken and certified previous to April 30, 1872, and which had been duly recorded, were declared valid in all courts of this state, "anything in the laws of the territory or state of Iowa to the contrary notwithstanding." This power of attorney was duly recorded before the above provision of the Code took effect. There can be no doubt that if the acknowledgment of the power of attorney was defective it was cured by this curative act. See *Brinton v. Seevers*, 12 Iowa, 389.

V. It is stated in the argument of appellant, in reply, that the record does not show that the tax deed to Stone has ever been recorded. We cannot permit counsel to make this question in his reply. It appears in the abstract from the testimony of appellee that she did not have the possession of the treasurer's tax deed to T. J. Stone, and recorded in Book D, page 469; and in the opening argument of counsel the following language is used: "No internal revenue stamp was attached to the record of the tax deed from O'Brien county to Stone." Counsel cannot be permitted, in his reply, to deny that the deed was recorded, in the face of his abstract and argument.

*5. APPEAL: argument: estoppel by record.*

VI. At a term previous to the term at which the case was tried the court made an order that all the oral evidence should be taken in the form of depositions, and all documentary evidence to be filed with the clerk of the court before the trial of the cause. The plaintiffs objected to the introduction of the records of deeds, because the defendant did not comply with this order; and counsel seems to be of opinion that there should be a decree for the plaintiffs because the court admitted the record evidence. We think otherwise. If the plaintiffs were taken by surprise by these records, they should have moved for a continuance, to enable them to rebut them. We have examined all material questions in the case, and are of opinion that the decree of the district court should be                                        AFFIRMED.

*6. EVIDENCE: documents not filed as per order.*

OPINION ON REHEARING.

[FILED, FEBRUARY 12, 1890.]

ROTHROCK, C. J.—In a petition for rehearing filed by counsel for appellants, we are requested to re-examine the question determined in the second point of the foregoing opinion. It is claimed that although, in the absence of fraud, the original instruments would be admissible in evidence although not stamped, yet that the stamp act provided that a record of an unstamped instrument should "be utterly void, and shall not be introduced in evidence." There was no evidence that the instruments in question in this case were unstamped, except what might be inferred from the fact that the record does not show that stamps were affixed to the original instruments. It is not claimed that any act of congress required a recorder to make a copy of the stamp in the record, nor to refer to it in any way in reading the record. It was the duty of the recorder to refuse to record the instruments until proper stamps were affixed, and we will, therefore, presume that the originals were stamped. We are cited to the case of *Switzer v. Knapps*, 10 Iowa, 72, as an authority in support of appellants' position. It is true that it is said in that case that "a copy of a deed without any mark indicating a seal is evidence that there was none." But it appeared in that case that the deed was not in fact under seal; and, so far as we are able to understand the facts of the case, the question was whether the record imparted notice to third persons. If it be conceded that the deed was not in fact under seal, the question as to what presumption should obtain in case the record did not show that the original was under seal was not in that case. Other authorities are cited by counsel. As we understand them, they do not present the question now under consideration. They do not determine that the recorder should undertake to copy the stamp, or make reference thereto in the record,

In conclusion, we have 'to say that we would hesitate long before sustaining the claim made by counsel. The record evidence of titles to real estate is of too much importance to be held void for the mere omission of recorders of deed to make memorandum that stamps were attached to deeds. We should rather presume that the recorders did their duty, and recorded such instruments only as were properly stamped. We adhere to our original opinion, and the decree is

AFFIRMED.