## IRWIN v. BURDICK.

**Tax Sale and Deed**: NOTICE TO REDEEM : PERSON TO WHOM LAND IS TAXED. Where land sold for taxes is taxed to an unknown owner when the notice to redeem, required by section 894 of the Code, should be given, no notice is required. (See opinion for citations.) And where, at the time for giving such notice, the land was taxed to an unknown owner, but the holder of the tax-sale certificate

had paid the taxes, and the treasurer, after his custom, had entered his name opposite the description of the land in the tax list, in the column of owners' names, this did not amount to a taxation of the land to him, and he was not required to serve notice upon himself of the expiration of the time for redemption, in order to make valid his tax deed for the land.

*Appeal from O'Brien District Court.*—HON. SCOTT M. LADD, Judge.

FILED, JANUARY 24, 1890.

ACTION to quiet title to certain lands in O'Brien county. Judgment for defendant, and plaintiff appeals.

*H. E. Long*, for appellant.

*Warren Walker*, for appellee.

GRANGER, J.—The premises in controversy are the southeast quarter of the southwest quarter of section 5, in township 97 north, of range 40 west, in O'Brien county. The stipulated facts show the plaintiff to have been the fee-title owner of the land, and that the title should be quieted in him, unless he has been divested of it by a tax-title deed to the grantors of the defendant. The record evidences two sales of the land for taxes, the first being December 22, 1867, for the taxes of 1858 and 1859; and the second on the fifth day of October, 1874, for the taxes of 1872 and 1873. By mesne conveyances the defendant is the owner of the title resulting from either sale; and, if either tax deed is valid, his title is good. With our view of the case, it is only necessary to consider the validity of the deed resulting from the sale of October 5, 1874.

In argument but a single objection is made to the validity of this deed; and that objection goes to the question of a proper notice under the provisions of section 894 of the Code, being that required for the expiration of the time for redemption. The section provides that before a tax deed shall issue the holder of the tax-sale certificate shall cause a notice to be served upon the person in whose name the land is taxed of the time when the right of redemption will expire. It has

been held, and is the law, that when land is taxed to an unknown owner no notice is required under the provisions of the section cited. *Walker v. Town-Lot Co.*, 65 Iowa, 563; *Fuller v. Armstrong*, 53 Iowa, 683; *Tuttle v. Griffin*, 64 Iowa, 455; *Parker v. Cochran*, 64 Iowa, 757. In this case, on the fifth of October, 1874, the tax-sale certificate was held by, and the tax deed issued to, one James H. Easton, and it is appellant's contention that the notice referred to should have been served on James H. Easton; and hence we might be confronted with the novel question, if the law contemplates that a party shall cause a notice to be served upon himself. In fact, it is the precise point urged and resisted in this case; and appellant is supported in his position by the case of *Slyfield v. Healy*, 32 Fed. Rep. 2. Without, by this reference, committing ourselves to any view of that question, we think this case may be disposed of on a different theory as to the facts.

Appellant bases his claim that the notice should have been served on Easton on the assumption that the land was taxed to him. In this, we think, he is mistaken as to the facts; and, for its determination, let us look to the record. The facts are all by stipulation, and the thirteenth is as follows: "(13) That said real estate always had been wild and unoccupied prairie land, in the actual possession of no one, up to the time possession was so taken by said Anna Dakin; and that the same was assessed by the assessor to "unknown owners" for the years up to the time that defendant took actual possession thereof, and was not otherwise taxed except as herein stated." The statement making the exception referred to at the close of the stipulation is stipulation number 9, in the following words: "(9) That the tax lists for the years 1874, 1875 and 1876 were then in the hands of the treasurer, and showed, in the columns marked 'Names of owners,' the name of James H. Easton marked therein opposite the tract of land in controversy; that the treasurer will testify that when he received the tax lists no name was written

therein, but, when said tax was paid, he, in accordance with his custom, marked the name of James H. Easton therein, and so, and not otherwise, said name was made to appear in said tax lists of 1874, 1875 and 1876, when said notice was given; and that at said time said tax list for 1877 was blank. And plaintiff has no evidence to dispute the foregoing, but objects to it as immaterial." Stipulation number 8 is as follows: "(8) That the tax list for the year 1877, under heading of 'Names of owners,' was at that time blank." What is the legitimate inference, from this record, as to the land being taxed to Easton? The parties, while not in terms stipulating one fact, have stipulated the evidence from which such fact alone can be found; and in an equity cause it is proper for us to find the fact. With the fact established, as in effect testified to by the treasurer, it is conclusive that the land was not taxed to Easton. The lands were each year taxed to "unknown owners," and at the time of the payment of taxes the name of Easton was placed in the column of names merely as a result of a custom of the treasurer. To necessitate the notice, the lands must have been taxed to Easton, and not because, after the tax was paid, his name was placed in the column for convenience. With the facts thus found, we do not understand that there is, or could well be, a controversy as to the legal *status* of the case. The judgment of the district court is

