LAWRENCE & BURD, Appellants, v. JOHN HORNICK *et ux.*, Appellees.

1. **Tax Sale:** DELINQUENT TAXES NOT CARRIED FORWARD: EFFECT. The omission of the county treasurer to carry forward from year to year upon the tax lists the delinquent taxes assessed against certain described real estate, and for which the property is eventually sold, will not render such sale void, but only voidable, and the title based thereon cannot be assailed on that account after five years from the recording of the deed.

2. ———: NOTICE TO REDEEM: OWNERS UNKNOWN. Where real property sold for taxes is not taxed to any person by name upon the tax-books, and the name of the owner during any of the years, for the taxes of which the property is sold, is unknown, no

notice of the expiration of the period of redemption from such sale is required, and the publication of a notice addressed to "unknown owners," which would have been insufficient had the names of the owners been known, will not render the sale invalid.

3. ———: PURCHASE BY TREASURER: EFFECT. The purchase of property at tax sale by the county treasurer renders the sale only voidable, and the same cannot be attacked on that account after five years from the recording of the tax deed.

*Appeal from Woodbury District Court.*—HON. C. H. LEWIS, Judge.

FRIDAY, OCTOBER 17, 1890.

ACTION to quiet the title to lot nine, block three, Cole's addition to Sioux City. Decree for defendants, from which the plaintiff appeals.

*Lawrence & Burd*, for appellants.

*Hubbard, Spalding & Taylor*, for appellee.

GRANGER, J.—The plaintiff is the holder of the patent title. In January, 1877, N. A. McFaul purchased the lot in controversy for the taxes of 1870, '71, '72, '73, '74 and '75, and thereafter assigned the certificate of purchase to E. L. Kirk, who received a treasurer's deed therefor, June 28, 1880, and on the same day the deed was duly recorded. On the twenty-first of April, 1886, E. L. Kirk conveyed the lot to the defendant, John Hornick, by special warranty deed. The appellant assails the validity of the tax title on three grounds, which will be noticed.

I. The first ground of complaint is that the delinquent taxes for prior years, and for which the lot was sold, were not carried forward to the tax lists of other years as required by law. This suit was commenced, December 22, 1887—some seven years after the recording of the tax deed, and the statute of limitations is urged as against appellant's claim to avoid the deed because of such fact. Appellant, however, insists that the

1. TAX SALE: delinquent taxes not carried forward: effect.

statute of limitations is unavailable for the reason that the sale is void because of the failure to carry forward the taxes.  The controversy then is, whether the sale is only voidable or absolutely void because of such failure. That it is, at least, voidable is not questioned, and, if voidable only, then the action to set it aside must be brought within the five years from the recording of the deed.  If void, then there is no basis for the action of the statute of limitations, and the action is not barred. There are some cases in which the terms "void" and "invalid" have been used where the facts and relief sought are the same as in this case, and the reliance of appellant is placed thereon.  See *Buckley v. Early*, 72 Iowa, 289 ; *Hooper v. Sac Co.*, 72 Iowa, 280 ; *Bank v. Early*, 72 Iowa, 273 ; *Gardner v. Early*, 69 Iowa, 42, and other cases cited therein.  The case of *Griffin v. Bruce*, 73 Iowa, 126, presents and determines the precise question, whether the failure to carry forward the taxes renders the sale void or voidable, and holds to the latter view, and that such "irregularity" "does not operate to arrest the running of the statute."  Are the cases in conflict?  We say they are not.  While the word void is of broader technical significance, it is often used in the sense of voidable.  An instance is to be found in *Gardner v. Early*, *supra*, where a deed, because of a failure to carry forward the tax, is said to be "invalid" and "void," but the language immediately following, and other language of the opinion, clearly indicates that nothing more was intended than that it was a voidable instrument.  Instances of such use might be multiplied.  *Griffin v. Bruce*, *supra*, is clearly decisive of this point in the case.

II.  Appellant urges that no sufficient notice of the expiration of redemption was served as provided by

2. ——: notice to redeem; owners unknown.

Code, section 894.  A notice, styled a "blanket notice," was served by publication addressed to "unknown owners" containing a large number of descriptions, but none was served on or addressed to a particular person.  The law requires this notice to be served on the "person in

whose name the land is taxed." If taxed to unknown owner such notice is not required. *Irwin v. Burdick*, 79 Iowa, 69, and cases there cited. The premises in question for the year 1869 were taxed to L. Lambert, but for the years, for the taxes of which they were sold, and thereafter, no owner of the land was indicated by the record; the column for the name of the owner being blank, and, for such years it was not taxed to any person, and there was no one on whom such notice could be served. The record makes no question as to the tax of 1869. The land was not taxed to Lambert for the years in question, and, if not, the law requires no service of notice on him. If no notice was required the mere fact that the blanket notice was insufficient, as claimed, would not invalidate the sale.

III. N. A. McFaul was the ostensible purchaser of the lot at the tax sale, and assigned the certificate to E. L. Kirk. E. L. Kirk is a son of E. R. Kirk who, at the time of the sale, was a deputy treasurer of Woodbury county, where the sale took place; and appellant claims that it appears from the record that McFaul was not the purchaser, but that he acted in bidding in the lot for E. R. Kirk, and in such manner as to render the sale void under the provision of the statute prohibiting treasurers from being concerned directly or indirectly in the purchase of real property sold for taxes. Code, sec. 885. The section provides that "all such sales shall be void." This court also held that such sale was equally void when the prohibited act was done by the deputy treasurer. *Ellis v. Peck*, 45 Iowa, 112. But here, again, the word void is held to mean voidable, and, hence, defendant's plea of the bar of the statute avails him as against this claim of fraud, if the fact of the fraud should be conceded. *Thomas v. Stickles*, 32 Iowa, 71; *Douglas v. Tullock*, 34 Iowa, 262; *Pierce v. Weare*, 41 Iowa, 378; *Bullis v. Marsh*, 56 Iowa, 747; *Griffin v. Bruce*, 73 Iowa, 126.

The judgment of the district court must be AFFIRMED.

3. ——: purchase by treasurer: effect.