UNITED STATES of America, Plaintiff,

v.

George C. CANELLIS, Georgia Canellis, and Chicago Federal Savings and Loan Association, Defendants.

No. 76 C 4043.

United States District Court, N. D. Illinois, E. D.

March 13, 1980.

Glenn R. Heyman, Dannen, Crane, Heyman & Haas, Chicago, Ill., for plaintiff.

T. Kazan Ray, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on plaintiff's motion for entry of judgment and defendant Georgia Canellis' renewed motion for summary judgment. For the reasons hereinafter stated, the plaintiff's motion for entry of judgment will be granted and the defendant Georgia Canellis' motion for summary judgment will be granted.

The plaintiff United States of America [hereinafter the government] brought this action in order to reduce to judgment federal tax liabilities owed by the defendant George C. Canellis. In accordance with a stipulation by the parties in this cause, it has previously been determined that George C. Canellis owes the government $130,-363.04 and that by reason of Internal Revenue Code § 6321 [hereinafter I.R.C. § 6321, the government has lien for this amount

against George C. Canellis' property. The government's lien arose at the time it made assessments for Canellis' tax liability in May, 1972. I.R.C. § 6322. The government has now made a motion to foreclose on its lien against George C. Canellis' property, including his 100% beneficial interest in an Illinois land trust. Jurisdiction is invoked pursuant to 28 U.S.C. § 1340 and § 1345 and is undisputed.

Defendant Georgia Canellis, who is George C. Canellis' mother [hereinafter Mrs. Canellis], contests this action against her son only to the extent that she claims a lien prior to the government's lien. Her renewed motion for summary judgment seeks a determination that she has a prior lien in the amount of $30,000. Briefs have been submitted in support, in answer and in reply to her motion.

I. Facts

The relevant facts appear in the oral deposition transcripts of George Canellis and Daniel Parry, various affidavits, photo copies of checks, a promissory note and a deed in trust, as well as the pleadings that have been filed in this case.

Mrs. Canellis' deposition was taken on April 26, 1979. She was then 84 years old and living in a health care facility where she was being treated for severe injuries including head injuries. She speaks no English and testified through a Greek interpreter. She was tired and stated that several times during the deposition. Her exhaustion after direct examination precluded any cross-examination by the government. Although it appears that the deposition was terminated with the understanding that cross-examination would take place another day, that examination apparently has never occurred. In support of its contention no credible evidence exists in the record to conclude that a security interest was intended to be created in Mrs. Canellis' favor, the government asserts that the court has a special need to observe Mrs. Canellis' demeanor during direct and cross-examination. In addition, it asserts that her son was communicating with her throughout the deposition by gesture or by speaking in Greek. The government also asserts that the interpreter was suggesting answers to Mrs. Canellis. Contrary to the government's contention, upon examination of the deposition transcript, the court finds that her testimony was barely coherent. Mrs. Canellis' advanced age and the condition of her health should have precluded the taking of her deposition in the first instance. Based on the plaintiff's attempt to depose her, where everyone present including the government's attorney and her son had great difficulty communicating with her because of her age and ill health, the court would not find her competent to testify at trial. Accordingly, the court has not considered her testimony in connection with the instant summary judgment motion. 6 *Moore's Fed. Prac.* ¶ 56.11[1.–3] at 56–2002 (2d ed. 1979).

Mrs. Canellis was widowed in May, 1956, and ever since then has maintained separate savings accounts of her own funds. Upon her husband's death, her son George Canellis acquired two laundry businesses founded by his father. From approximately 1960 until July 2, 1971, George Canellis asked his mother to advance him several thousands of dollars for use in the operation of the businesses. She executed cashier's checks made payable to George Canellis and to herself which were allegedly paid to George with the understanding that eventually the funds would be repaid. In approximately June, 1971, George Canellis needed $5,000.00 to meet an upcoming payroll. When he contacted the family's attorney, the advisor, Daniel Parry, about this further advance, Parry suggested that prior to the disbursement of the amount, George Canellis should agree to provide security to his mother for the existing indebtedness and for what became the final advance of $5,000.00. Parry, Mrs. Canellis and her son agreed that although the total indebtedness exceeded $30,000.00, security would be provided for this amount only. To accomplish this purpose, Parry drafted documents necessary to convey George Canellis' fee interest in a residential property at 7424 Kolmar Ave. in Skokie, Illinois, to his mother as

trustee of an Illinois land trust in which George Canellis retained the beneficial interest. A deed in trust and trust agreement was executed in Parry's office on July 2, 1971. The relevant provision of the trust agreement provides:

[I]t is hereby agreed between the trustee and the beneficiary herein that in the event of the sale of this property the trustee shall retain the sum of $30,000. from the net proceeds of the sale, being the sum the beneficiary has borrowed from the trustee in the past few years. If, however, the sale is made after the death of said trustee, the sum of $30,000. shall be waived and be considered as having been paid and the beneficiary shall not be obligated to the trustee's estate in any sum whatsoever.

The deed in trust was recorded with the Cook County Recorder of Deeds on July 7, 1971. The following year, in May, 1972, the government made its first assessments against George Canellis for unpaid taxes, giving rise to its lien.

II. Discussion

The instant motion for summary judgment by Mrs. Canellis raises two issues. First, has Mrs. Canellis demonstrated the absence of any genuine issues of material fact on the question of the existence and priority of her lien? Second, if so, is she entitled to summary judgment in her favor? The government asserts that the answer to both questions is no.

A. Availability of Summary Judgment

Mrs. Canellis produced documentary evidence in the form of copies of cashier's checks drawn on the First National Bank of Chicago and payable to George Canellis in the amounts of $10,000.00 and $5,000.00, dated January, 1964 and July 9, 1971, respectively. These documents support her contention that monies were withdrawn and paid by her to her son over a period of years. She also produced copies of two cashier's checks payable to herself drawn in February, 1968, and January, 1969, in the amounts of $2,000.00 and $1,000.00. She produced a copy of a promissory note dated

September 22, 1970, evidencing a promise by George Canellis to pay her $10,200.00 on demand at 6% interest. The note and checks total $30,267.00. Finally, the trust agreement previously referred to states that the sum of $30,000. should be retained by the trustee in the event of the sale of the property, ". . . being the sum the beneficiary has borrowed from the trustee in the past few years." This agreement was recorded on July 7, 1971.

According to the deposition testimony of George Canellis and Daniel Parry, cash was advanced over a period of years to George by Mrs. Canellis to meet some of the expenses of the laundry businesses. (George Canellis at 12–13). The expectation between them was that he would repay her. (George Canellis at 12); (Parry at 10–16). It was Parry's suggestion to make a security arrangement between George and Mrs. Canellis when an additional $5,000.00 was sought to meet a payroll. (George Canellis at 13); (Parry at 4–10). Finally, the deed in trust was drafted and executed for the purpose of obtaining security for the monies previously and contemporaneously advanced. (George Canellis at 13–20); (Parry at 5–8).

The government first contends that no credible or substantial evidence exists in the record upon which to base a finding that a security interest was intended to be created in Mrs. Canellis' favor. In the case of the witness testimony, the government states that the court should not make a determination as to their actions and intentions without observing their demeanor on direct and cross-examination. However, it fails to point out any inconsistency in the testimony of George Canellis and Parry or any other basis for assailing their veracity, nor has the court found any in its own review of their deposition testimony. At most, the government is asserting its desire for a further opportunity to "shake" the sworn testimony they have already given. Such bare assertions are insufficient to bar summary judgment. *Weit v. Continental Illinois National Bank & Trust Co.*, 467 F.Supp. 197, 216 (N.D.Ill. 1978).

As for the documentary evidence, the trust instrument constitutes a writing sufficient to show a $30,000.00 indebtedness between George and Mrs. Canellis which was to be satisfied in the event the property was sold. 20 *Ill. Law & Practice* Statute of Frauds § 73 (1956). The instrument is self-explanatory, regular on its face, and the government does not supply any type of evidence which would tend to rebut its meaning or point out why it would be inadmissible at trial. It is sufficient to establish the absence of any genuine dispute as to the fact of the indebtedness and the recording date. The government correctly asserts and the court has previously noted that the language of the trust document is not sufficient, in and of itself, to establish the intent of the parties at the time of the transactions, although it is probative evidence on that issue.

In tax cases, as with any other case, the government has the same burden as other litigants to respond to a summary judgment motion by demonstrating that triable issues of fact remain. *Radio City Music Hall Corp. v. United States*, 135 F.2d 715 (3d Cir. 1943). This burden has not been met with respect to the material Mrs. Canellis has tendered in support of her motion. Therefore the court finds that summary judgment is available to her in this action.

### B. Entitlement to Summary Judgment

Through her motion for summary judgment, Mrs. Canellis seeks a determination that her son's indebtedness to her was secured by the transfer in trust on July 2, 1971, which created a lien in the trust property in her favor that has priority over the government's lien arising in May, 1972. She contends and the government does not dispute that pursuant to I.R.C. § 6323, purchasers, *holders of security interests* [emphasis supplied] mechanic's lienholders, and judgment lien creditors are protected from tax liens arising from subsequent assessments under certain well-defined circumstances. Subsection h(1) of section 6323 provides that a security interest comes into existence if it "has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation . . . and to the extent that at such time, the holder has parted with money or money's worth." It is further undisputed that if Mrs. Canellis' identity as a lienor, the property subject to the lien, the lien amount and its perfection, were all established prior to the government's first tax assessment, then her lien is entitled to priority over the tax lien. *See United States v. New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 369, 98 L.Ed. 520 (1954); *Avco Delta Corp. Canada Ltd. v. United States*, 459 F.2d 436 (7th Cir. 1971). Mrs. Canellis contends and the government vigorously disputes that according to Illinois law, the transfer in trust created a lien in the nature of an equitable mortgage which was duly perfected against a subsequent judgment lien by the recording of July 7, 1971, in accordance with Ill.Rev.Stat. ch. 30, § 29 (1977).

Illinois courts recognize equitable mortgages in a variety of land transfer transactions. The basic requirement is that the intent to effect a security arrangement involving the particular property and the parties appear from the express language of the transfer documents or from the surrounding circumstances. *Hibernian Banking Association v. Davis*, 217 Ill.App. 36, *aff'd*, 295 Ill. 537, 129 N.E. 540 (1920). Contrary to the government's contention, Illinois courts will not refuse to find an equitable mortgage if the security agreement merely provides for repayment of the obligation "if and whenever" the obligor sells or disposes of the real estate. The rule is that if there is other evidence of intent from the surrounding circumstances, then express language of the agreement will not prevent a finding that security was intended, and the debtor did not make merely an aleatory promise to pay. 295 Ill. 544, 129 N.E. 542. Thus, it is clear that Mrs. Canellis has met the basic requirement for recognition of her security interest. The government further asserts that even with the requisite intent, none of the authorities relied on by Mrs. Canellis expressly hold that

an equitable mortgage will be created by a transfer to her as trustee of a land trust in which her son retained the beneficial interest. On the other hand, the government has failed to point out any case which holds that an equitable mortgage will *not* be created where intent is present in this type of title transaction. Therefore, this court must decide the issue as matter of first impression.

■ Equitable mortgages are frequently recognized where the parties to the transaction are relatives, such as uncle and nephew and parent and child. *See e.g., Shaver v. Woodward*, 28 Ill. 277 (1892); *Warner v. Gosnell*, 8 Ill.2d 24, 132 N.E.2d 526 (1956). Here the loan and transfer in trust occurred between mother and son. Also, it is well settled that Illinois courts will enforce a security arrangement involving the assignment of a beneficial interest in land trust as either a pledge or an equitable mortgage depending on the presence or absence of certain features of the particular loan transaction. *See* H. Kenoe, *Land Trusts*, ¶ 5.34 at 5–138–9 (I.C.L.E. 1978). Because security arrangements are commonly found when an assignment of a beneficial interest is made, it would not be unreasonable to find that a security arrangement could be effected when the separation of legal title and the beneficial interest in real property takes place. In fact, when Mrs. Canellis was transferred title as trustee of the land trust, she assumed the ideal position for insuring that her obligation was paid first, since an Illinois land trustee retains the power to convey title pursuant to the beneficiary's direction, her name and the record of her interest and lien appears in the chain of title, and she must be named in any actions to force conveyance of title such as in enforcement proceedings for mechanic's liens, *id.* at ¶ 6.18 at 6–27, and for mortgage foreclosures, *id.* at ¶ 6.27 at 6–42.

■ For these reasons, the court finds that the transfer of legal title to Mrs. Canellis by George Canellis on July 2, 1971, created an equitable mortgage in her favor in the amount of $30,000.00. Her interest was duly perfected by the recording which took place on July 7, 1971. Accordingly, her motion for summary judgment will be granted.

By its motion, the government seeks an order for entry of judgment against George Canellis in the amount of $130,363.04 plus interest from December 11, 1978. As the court previously found that the government is entitled to satisfaction of its lien in this amount, the clerk of the court will be directed to enter judgment against him in accordance with this order. Further, the court will order judicial foreclosure on his property, particularly his interest in the Illinois land trust in satisfaction of this judgment subject to the prior lien of Mrs. Canellis. *United States v. Lewis*, 272 F.Supp. 993 (N.D.Ill. 1967).

### III. Conclusion

For the reasons stated, it is therefore ordered that Georgia Canellis' motion for summary judgment shall be, and the same is hereby, granted. The United States of America's motion for entry of judgment shall be, and the same is hereby, granted.